IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2002

## STATE OF TENNESSEE v. CHARLES H. MARTIN

**Appeal from the Circuit Court for Sevier County**
**No. 8099     Rex H. Ogle, Judge**

---

**No. E2001-00565-CCA-R3-CD**
**May 20, 2002**

---

The Defendant, Charles H. Martin, was convicted by a jury of aggravated assault. Following a sentencing hearing, the trial court sentenced him as a Range I offender to six years in the Department of Correction. On appeal, the Defendant contends that the trial court erred in denying his motion to strike handwritten portions of the indictment. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Kenneth F. Irvine, Jr., Knoxville, Tennessee, for the appellant, Charles H. Martin.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; Al Schmutzer, Jr., District Attorney General; and Steven Hawkins, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant was convicted of aggravated assault arising out of a domestic dispute during which he held a knife to his wife's throat. The sole issue on appeal is whether the trial court properly denied the Defendant's pretrial motion to strike handwritten portions of the indictment. The indictment was originally typed as a simple assault indictment and read, in pertinent part, as follows:

> The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impanelled [sic], sworn and charged to inquire for the body of the County and State aforesaid, present that CHARLES H. MARTIN on the ____ day of JANUARY, 2000, before the finding of this indictment, in the State and County aforesaid, did unlawfully, intentionally or knowingly cause another person, to-wit: Nancy Martin, to reasonably fear imminent bodily injury, contrary to T.C.A. § 39-13-101, contrary to the statute, and against the peace and dignity of the State of Tennessee.

Three handwritten modifications were made to the indictment sometime after the document was typed: (1) the statute citation was changed from Tennessee Code Annotated section 39-13-101, the simple assault statute, to section 39-13-102, the aggravated assault statute; (2) the phrase "by use of a knife" was written after the statute citation; and (3) the word "aggravated" was written above the word "assault" on the opposite side or "cover sheet" of the document. These alterations had the effect of changing the document from an indictment charging simple assault to an indictment charging aggravated assault.

Counsel for the Defendant argued in a pretrial motion that, because one cannot know when or by whom the changes were made, the trial court should treat the changes as an improper amendment to the indictment and reduce the charge against the Defendant to simple assault. The State countered by explaining that grand jury procedure required the grand jury foreperson to deliver the indictments to the trial judge without any involvement by the State, thus denying the State any opportunity to alter the indictment. The State further stated that the Defendant was bound over to the grand jury on charges of aggravated assault, and asserted that the handwritten portions of the indictment were on the indictment form when it was returned by the grand jury.

The trial court agreed with the State and denied the Defendant's motion. For the Defendant's motion to have merit, the indictment would have to have been altered after it was returned by the grand jury. Such an alteration could only have been accomplished through deceptive action by the Office of the District Attorney and/or Court Clerk. No evidence in the record supports such a finding. Absent such evidence, we cannot conclude that the trial court erred in denying the Defendant's motion.

## CONCLUSION

After a thorough review of the record, we conclude that the trial court did not err in denying the Defendant's motion. Accordingly, the judgment of the trial court is AFFIRMED.

_____
DAVID H. WELLES, JUDGE